REDMON *v.* STATE OF INDIANA.

[No. 29,229.   Filed May 11, 1955.]

*Joseph T. Mazelin* and *Albert W. Ewbank,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with violating the provisions of Acts 1879 (Spec. Sess.), ch. 120, §7, p. 231, being §67-105, Burns' 1951 Replacement, tried by jury and found guilty of "embezzlement by warehouseman as charged in the affidavit."

We need consider only assigned error numbered one, viz., "The trial court erred in overruling the appellant's motion for a new trial."

Appellant asserts that the evidence is not sufficient to establish that he was a warehouseman within the meaning of §1 of Acts of 1879 (Spec. Sess.), ch. 120, p. 231, being §67-101, Burns' 1951 Replacement, which provides as follows:

> "Every person, firm, company or corporation, receiving cotton, tobacco, pork, grain, corn, rye, oats, wheat, hemp, whisky, coal, any kind of produce, wares, merchandise, commodity, or any other kind or description of personal property or thing whatever, in store, or undertaking to receive or take care of the same, with or without compensation or reward therefor, shall be deemed and held to be a warehouseman."

The affidavit charged that ". . . on the 31st day of March, 1954, Paul H. Redmon was a warehouseman and had given a written receipt to Citizens' National Bank of Linton, Indiana, for certain goods, wares and merchandise, to-wit: eight new Pfaff Sewing Machines of a value of One Thousand Two Hundred Ten Dollars, and did then and there, unlawfully, fraudulently, feloniously, wilfully, knowingly and purposely ship, transfer and remove all of said goods, wares and merchandise beyond his immediate control, without the written consent of the said Citizens' National Bank, and without the written consent of any person holding or producing said receipt, . . ."

In order to sustain the conviction herein it was necessary for the state to prove beyond a reasonable doubt that appellant was a warehouseman on March 31, 1954 within the meaning of §67-101, *supra*.

The record discloses that appellant on the date mentioned in the affidavit operated stores in Linton, Bedford,

and Indianapolis, Indiana, known as "sewing centers" where he sold fabrics and sewing machines. The specific act here in question arose out of a transaction at the Linton store which was operated at 38 East Vincennes Street under the name of Linton Sewing Center.

On September 8, 1953, while appellant was conducting an exhibit at the Indiana State Fair, his wife, who was operating the store in Linton during appellant's absence, took an invoice, bearing date of July 3, 1953, from Barnes Distributors, Gary, Indiana, to Linton Sewing Center, 38 East Vincennes, Linton, Indiana, for 8 Pfaff sewing machines at a total price of $1,210.40, terms—10 days net, to the Citizens' National Bank of Linton, Indiana, for the purpose of borrowing the sum of $600 on such invoice under a "floor plan" loan agreement. At the suggestion of an officer of the bank, the amount of the loan was increased to $1,210.40, the exact amount of the net invoice. Mrs. Redmon signed appellant's name to a printed form of Trust Agreement which the bank customarily used in making "floor plan" loans to merchants, and at the same time signed appellant's name to a promissory note in the sum of $1,210.40 as evidence of the loan.

The sewing machines listed on the invoice were shipped by Barnes Distributors to the Linton Sewing Center on July 1, 1953 and subsequently received at appellant's Linton store.

The evidence is undisputed that the transaction between Mrs. Redmon and the bank was a "floor plan" loan made in the regular course of the bank's business on an invoice covering 8 sewing machines which had been shipped on open account from the distributor in Gary, Indiana, to appellant's store in Linton.

State's Exhibit No. 2, which a bank official testified is a Trust Receipt or Agreement customarily used by the

bank in making "floor plan" loans, is the only receipt of any kind which appears in the record. If we are to conclude that appellant is a warehouseman then this receipt must be construed to be a warehouse receipt as provided by Acts 1921, ch. 100, §2, p. 220, being §67-402, Burns' 1951 Repl.

Among the provisions of such Trust Receipt or Agreement (State's Exhibit No. 2) is the following:

"I (we) hereby acknowledge that the above listed new Pfaff sewing machines are the property of the Citizens' National Bank of Linton, Indiana, and agree to take and hold same, at my (our) sole risk as to all loss or injury, for the purpose of storing said property, and I (we) hereby agree to keep said products brand new and not to use or operate them for demonstrating or otherwise, and to return the said products to the Citizens' National Bank of Linton, Indiana, or its order upon demand; and to pay and discharge all taxes, encumbrances and claims relative thereto."

A warehouse receipt need not be in any particular form. However, the statute, §67-402, *supra*, requires that it must contain, together with certain other information, the following:

1. The location of the warehouse where the goods are stored;
2. The consecutive number of the receipt;
3. The rate of storage charges.

A careful examination of State's Exhibit No. 2 discloses:

1. That it does not state the location of the warehouse or where the goods are stored;
2. While there is a number near the bottom of the receipt form, there is nothing to show whether it is the number of the receipt or of the promissory note appearing on the same page and immediately below the number;

3. There is no statement of the rate or storage charges, nor is any reference made thereto.

In the absence of these mandatory requirements of the statute, we cannot state that the Trust Receipt (State's Exhibit No. 2) bearing the name of appellant is a warehouse receipt in the form required by statute. The elements essential to show the relation of warehouseman are not present in such Trust Receipt, and under these circumstances the jury could not properly infer therefrom that appellant was a warehouseman.

The above statement in the Trust Receipt is the sole and only evidence from which the jury might have found, or from which it might have drawn an inference that appellant received the personal property (8 sewing machines) described in the invoice (State's Exhibit No. 1), from the Citizens' National Bank of Linton "in store," or that he undertook "to receive [from] or take care of the same" for such bank. We do not believe this evidence is sufficient to establish the fact that appellant was a warehouseman on September 8, 1953, or on March 31, 1954, within the meaning of §67-101, *supra*.

Because of the conclusions which we have reached, it is not necessary to decide other questions raised and ably briefed by both parties.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Henley, C. J., Emmert, Levine and Achor, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 485.